OPINION
{¶ 1} Appellant, Douglas M. Sanders, appeals the January 6, 2005 judgment entry of the Portage County Court of Common Pleas, which sentenced him upon remand by this court.
 {¶ 2} On February 6, 2003, appellant was indicted on one count of possession of cocaine, a first degree felony, in violation of R.C. 2925.11; twenty-two counts of trafficking in cocaine, felonies of the second, fourth, and fifth degrees, in violation of R.C. 2925.03; and two counts of having weapons under a disability, both fifth degree felonies, in violation of R.C.2923.13. Appellant entered a plea of not guilty to all charges. On April 7, 2003, the grand jury returned an amended indictment to count twenty-three, amending it from a third degree felony to a first degree felony for trafficking in cocaine.
 {¶ 3} A jury trial took place from April 8, 2003 through April 15, 2003. During the course of the trial, appellant entered a plea of no contest to two counts of having weapons under a disability. In an entry dated April 14, 2003, the trial court found appellant guilty of both counts.
 {¶ 4} The jury returned with a verdict of guilty to: one count of possession of cocaine, a first degree felony; seventeen counts of trafficking in cocaine, fifth degree felonies; one count of trafficking in drugs, a fourth degree felony; and one count of trafficking in cocaine, a first degree felony.
 {¶ 5} On May 27, 2003, the trial court sentenced appellant to nine years on the first degree felonies, to run concurrently to each other; seven months on the fourth degree felony and each of the seventeen fifth degree felonies, to run consecutive to each other and to the nine year term; six months for both counts of having a weapon under disability, to be served concurrently to each other and the other sentences. Thus, appellant received an aggregate sentence of nineteen and one-half years.
 {¶ 6} Appellant appealed the May 29, 2003 judgment. In Statev. Sanders, 11th Dist. No. 2003-P-0072, 2004-Ohio-5629
("Sanders I"), we agreed with appellant in part, with respect to the trial court not making the requisite findings to impose consecutive sentences under R.C. 2929.14(E)(4), but not with his allied offenses argument. We reversed and remanded for resentencing.
 {¶ 7} Pursuant to our remand, the trial court held a hearing to resentence appellant on January 3, 2005. At the hearing and in its January 6, 2005 judgment entry, the trial court sentenced appellant to the exact same sentence it had originally imposed on May 27, 2003. It is from the January 6, 2005 judgment that appellant presently appeals, raising the following sole assignment of error:
 {¶ 8} "Whether the trial court properly imposed non-mandatory consecutive sentences under [R.C.] 2929.14?"
 {¶ 9} Appellant's assignment challenges the consecutive sentence he received, and is impacted by the recent decision of the Supreme Court of Ohio in State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856. In sentencing appellant, the trial court relied upon judicial fact-finding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio in Foster. On that basis, appellant's assignment of error is with merit.
 {¶ 10} In Foster, at paragraph three of the syllabus, the Supreme Court held that R.C. 2929.14(E) is unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey
(2000), 530 U.S. 466, and Blakely v. Washington (2004),542 U.S. 296.
 {¶ 11} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(E). After severance, judicial factfinding is not required before imposing consecutive sentences. Foster at paragraph four of the syllabus.
 {¶ 12} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 13} The sentence imposed by the Portage County Court of Common Pleas is vacated. This case is reversed and remanded for resentencing for proceedings consistent with this opinion pursuant to Foster.
O'Neill, J., O'Toole, J., concur.