OPINION
{¶ 1} Appellant, Jeremiah M. James, appeals from the May 28, 2004 judgment entry of the Lake County Court of Common Pleas, in which he was sentenced for possession of cocaine, possessing criminal tools, and trafficking in cocaine.
 {¶ 2} On May 27, 2003, in Case No. 03 CR 000132, appellant was indicted by the Lake County Grand Jury on one count of possession of cocaine, a felony of the first degree, in violation of R.C. 2925.11; one count of possessing criminal tools, a felony of the fifth degree, in violation of R.C. 2923.24; and one count of trafficking in cocaine, a felony of the fifth degree, in violation of R.C. 2925.03(A)(1). On June 6, 2003, appellant filed a waiver of the right to be present at his arraignment and the trial court entered a not guilty plea on his behalf. Appellant filed a motion to suppress evidence on August 29, 2003.[1]
Appellee filed a brief in opposition to appellant's motion to suppress on October 16, 2003. A hearing was held on October 24, 2003.
 {¶ 3} At that hearing, Special Agent 76, of the Lake County Narcotics Agency ("LCNA"), testified for appellee that on January 31, 2003, the LCNA received complaints from a concerned citizen of Concord Township regarding high volume short-term and long-term traffic at 9956 Johnnycake Ridge Road, Ridgeglen Condominiums, Building M, Unit 8, Concord Township, Lake County, Ohio. Special Agent 76 maintained contact with the concerned citizen for a period of two weeks, which led him to believe that drug trafficking was taking place at the residence at issue. He confirmed that appellant and Christie Cooper were living in Unit 8. Special Agent 76 received information from Confidential Informant 584 that appellant was selling crack cocaine out of his residence and that he could purchase drugs from appellant. Special Agent 76 organized a controlled drug buy using Confidential Informant 584.
 {¶ 4} The first of two controlled drug buys took place on February 24, 2003. Prior to the buy, Confidential Informant 584 was searched, given "buy" money, and equipped with a body transmitter which allowed the agents to listen to and record the drug transaction.[2] When Confidential Informant 584 went into Unit 8, Special Agent 76 was located about one hundred to one hundred and fifty feet away in a surveillance van. Special Agent 76 heard and monitored the drug buy, in which Confidential Informant 584 handed appellant $50 and appellant gave Confidential Informant 584 the crack cocaine. After the transaction, Confidential Informant 584 returned to his vehicle and met with Special Agent 76 and other agents at a designated location. Special Agent 76 indicated that Confidential Informant 584 provided him and the agents with the purchased drugs, and stated that they were sold to him by appellant.
 {¶ 5} The second controlled drug buy occurred the next day, on February 25, 2003. Confidential Informant 584 was used again, and was searched, provided with "buy" money, and equipped with a body transmitter. According to Special Agent 76, he drove Confidential Informant 584 to the condominium, remained in front of the main entry door, and observed Confidential Informant 584 enter Unit 8. After the transaction, Confidential Informant 584 returned to the vehicle and gave Special Agent 76 the crack cocaine he had purchased from appellant.
 {¶ 6} Upon a search of Confidential Informant 584 after the buy, a small quantity of crack cocaine was found in his jacket pocket. Special Agent 76 believed that the drugs were purchased from appellant during the controlled buy for the personal use of Confidential Informant 584. Special Agent 76 based his belief on the fact that the crack cocaine was not in the possession of Confidential Informant 584 prior to the buy.
 {¶ 7} On February 26, 2003, a search warrant was obtained for Unit 8. On that date, appellant's residence was searched and drugs, money, and criminal tools were found, which led to appellant's arrest.
 {¶ 8} Pursuant to its November 12, 2003 judgment entry, the trial court denied appellant's motion to suppress.[3]
 {¶ 9} While out on bond in Case No. 03 CR 000132, appellant was arrested in two other cases.
 {¶ 10} On November 13, 2003, in Case No. 03 CR 000552, appellant was indicted by the Lake County Grand Jury on one count of possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11. On November 26, 2003, appellant filed a waiver of the right to be present at his arraignment and the trial court entered a not guilty plea on his behalf.
 {¶ 11} On January 29, 2004, in Case No. 03 CR 000675, appellant was indicted by the Lake County Grand Jury on one count of possession of cocaine, a felony of the fourth degree, in violation of R.C. 2925.11. On January 30, 2004, appellant filed a waiver of the right to be present at his arraignment and the trial court entered a plea of not guilty on his behalf. On February 20, 2004, appellant filed a motion to suppress evidence.[4]
 {¶ 12} On May 24, 2004, appellant entered pleas in all three cases. In Case No. 03 CR 000132, appellant withdrew his former not guilty plea and pleaded no contest to the three counts, possession of cocaine, possessing criminal tools, and trafficking in cocaine. In Case No. 03 CR 000552, appellant withdrew his former not guilty plea and pleaded guilty to one count of possession of cocaine. In Case No. 03 CR 000675, appellant withdrew his former plea of not guilty, and entered a plea of guilty to one count of possession of cocaine.
 {¶ 13} Pursuant to its May 28, 2004 judgment entries, the trial court sentenced appellant in all three cases.
 {¶ 14} In Case No. 03 CR 000132, appellant was sentenced to serve four years on count one, possession of cocaine, and six months on counts two and three, possessing criminal tools and trafficking in cocaine, which were to be served concurrent with each other and consecutive to the prison term in count one. Appellant was given two hundred and two days of credit for time already served, was ordered to forfeit $2,698, and his driver's license was to be suspended for four years commencing on May 24, 2009.
 {¶ 15} In Case No. 03 CR 000552, the trial court sentenced appellant to eleven months in prison for possession of cocaine, with one day of credit for time already served, to be served consecutive to the sentences imposed in Case. Nos. 03 CR 000132 and 03 CR 000675.
 {¶ 16} In Case No. 03 CR 000675, appellant was sentenced to one year in prison for possession of cocaine, with four days credit for time already served, to be served consecutive to the sentences imposed in Case Nos. 03 CR 000132 and 03 CR 000552. He was also ordered to forfeit $1,341.61.
 {¶ 17} The total sentence for all three cases consisted of five years and eleven months. It is from the foregoing May 28, 2004 judgments that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 18} "[1.] The trial court erred to the prejudice of [appellant] by failing to grant his motion to suppress in violation of his rights to due process of law and to be free from unreasonable search and seizure pursuant to the Fourth andFourteenth Amendments to the United States Constitution and Sections 10 and 14, Article I of the Ohio Constitution.
 {¶ 19} "[2.] The trial court erred when it sentenced [appellant] to more than the `statutory maximum' sentence based upon a finding of factors not found by the jury or admitted by [appellant] in violation of [appellant's] state and federal constitutional rights to trial by jury."
 {¶ 20} In his first assignment of error, appellant argues that the trial court erred by failing to grant his motion to suppress, pursuant to an alleged unlawful search and seizure by appellee. He stresses that appellee failed to demonstrate sufficient probable cause to secure a search warrant. Also, appellant maintains that the issuance of the search warrant was not based on reliable or credible confidential informant information.
 {¶ 21} This court stated in State v. Sanders, 11th Dist. No. 2003-P-0072, 2004-Ohio-5629, at ¶ 18-20:
 {¶ 22} "The review of a judge's or magistrate's decision to issue a search warrant is not de novo. Courts examining the issuance of a warrant are directed to, `(* * *) ensure that the magistrate (or judge) had a substantial basis for concluding that probable cause existed.' State v. George (1989),45 Ohio St. 3d 325 * * *, paragraph two of the syllabus. Reviewing courts are further instructed to afford great deference to the judge's or magistrate's decision. Doubtful or marginal cases should be resolved in favor of upholding the warrant. Id., followingIllinois v. Gates (1983), 462 U.S. 213 * * *.
 {¶ 23} "Probable cause exists when, after considering such factors as the veracity of the source of the information and the basis of his or her knowledge, the judge or magistrate concludes that the totality of the circumstances suggest a fair probability that contraband or evidence of a crime will be found in a particular place. State v. Swearingen (1999),131 Ohio App.3d 124, 128 * * *.
 {¶ 24} "In making the probable cause analysis some weight is to be afforded information provided by a previously reliable source or an `honest citizen' who reports criminal activity.Gates at 233. Even if the judge or magistrate harbors some doubt as to an informant's motives, the informant's explicit and detailed description of alleged wrongdoing, coupled with a statement that such wrongdoing was observed firsthand, is entitled, `(* * *) greater weight than might otherwise be the case.' Id. at 234." (Parallel citations omitted).
 {¶ 25} Crim.R. 41(C) governs the issuance and contents of search warrants and states in part: "[a] warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located. If the judge is satisfied that probable cause for the search exists, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished. * * *"
 {¶ 26} In the case at bar, the trial court did not err by denying appellant's motion to suppress because the affidavit of Special Agent 76 provided the judge with probable cause to issue a search warrant. The affidavit detailed the underlying circumstances that formed the basis of the belief of Special Agent 76 that drugs were being sold from appellant's residence. It indicated that the LCNA received complaints from a concerned citizen regarding extremely high volume short-term and long-term traffic at the Ridgeglen Condominiums, Building M, Unit 8. In addition, the affidavit outlined how two controlled drug buys were made by Confidential Informant 584 from appellant at appellant's residence.
 {¶ 27} Again, before and after each buy, Confidential Informant 584 was searched. He did not have drugs on his person prior to meeting with appellant on those two occasions. Also, Confidential Informant 584 was equipped with a body transmitter and was escorted to and from appellant's residence. Although the tapes were inaudible, the testimony of Special Agent 76 corroborates the fact that he overheard the conversation of the buy. See State v. Dello (Dec. 16, 1994), 93-L-075, 1994 Ohio App. LEXIS 5705, at 13. Both buys were successful with Confidential Informant 584 exchanging marked funds for crack cocaine. Thus, based on the totality of the circumstances, probable cause existed to justify the issuance of a search warrant.
 {¶ 28} Appellant stresses that Confidential Informant 584 was not honest since he hid drugs in his pocket after meeting with appellant during the second drug buy, and that Special Agent 76 improperly concealed the information. Appellant fails to show, however, that the "omissions" of Special Agent 76 were designed to mislead, or made in reckless disregard of whether they would mislead, the judge issuing the search warrant. State v. Waddy
(1992), 63 Ohio St.3d 424, 441.
 {¶ 29} The conduct of Confidential Informant 584 occurred at or after the probable cause evidential basis had been completed for the request of a search warrant. Thus, in our view appellant does not invalidate what otherwise was an adequate basis of probable cause for the judge to issue the search warrant in this case. We agree it would have been a better practice, under the circumstances, for Special Agent 76 to have disclosed the information at the time of applying for the search warrant, as it related to the issue of credibility of both Special Agent 76 and Confidential Informant 584 at the suppression hearing. However, we note that his failure to do so does not affect the outcome of this case.
 {¶ 30} The search at issue was reasonable under the Fourth
and Fourteenth Amendments, and the search warrant was properly issued. Appellant's first assignment of error is without merit.
 {¶ 31} In his second assignment of error, appellant contends that the trial court erred when it sentenced him to more than the statutory maximum sentence based upon a finding of factors not found by the jury nor admitted by him in violation of his constitutional rights. He stresses that the trial court erred by imposing more than the minimum and consecutive sentences.
 {¶ 32} In sentencing appellant, the trial court relied upon judicial fact-finding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's second assignment of error is with merit.
 {¶ 33} Appellant's sentence in this case is impacted by the recent decision of the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, at paragraphs one and three of the syllabus, the Supreme Court held that R.C. 2929.14(B) and R.C. 2929.14(E)(4) are unconstitutional for violating the Sixth Amendment because they deprive a defendant of the right to a jury trial, pursuant to Apprendi v.New Jersey (2000), 530 U.S. 466, and Blakely v. Washington
(2004), 542 U.S. 296.
 {¶ 34} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B) and R.C. 2929.14(E)(4). After severance, judicial factfinding is not required before imposing more than the minimum and/or consecutive sentences. Foster at paragraphs two and four of the syllabus.
 {¶ 35} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 36} Appellant's second assignment of error has merit.
 {¶ 37} For the foregoing reasons, with respect to appellant's first assignment of error, the judgment of the Lake County Court of Common Pleas is affirmed. Regarding appellant's second assignment of error, the judgment is vacated. This case is reversed and remanded for resentencing for proceedings consistent with this opinion pursuant to Foster.
Grendell, J., concurs,
O'Neill, J., dissents with Dissenting Opinion.
[1] In his motion to suppress, appellant moved the trial court to suppress any and all evidence obtained by appellee, the state of Ohio, pursuant to an alleged illegal search of his residence conducted on February 26, 2003. He stressed that probable cause did not exist to sustain the issuance of a search warrant.
[2] The audio monitoring devices used in both buys failed to adequately record the conversations, and, thus, the tapes were inaudible.
[3] On February 11, 2004, appellant filed a motion for reconsideration to suppress evidence based upon newly discovered evidence. Appellee filed a brief in opposition on March 17, 2004. Based on its May 18, 2004 judgment entry, the trial court denied appellant's motion.
[4] In his motion to suppress, appellant moved the trial court to suppress any and all evidence obtained by appellee pursuant to an alleged unlawful search conducted on October 26, 2003. A hearing was not held.