OPINION
{¶ 1} Douglas M. Sanders ("Mr. Sanders") appeals from the judgment entry of the trial court, sentencing him to more-than-minimum and consecutive sentences for various drug-related crimes. We affirm.
 {¶ 2} February 6, 2003, Mr. Sanders was indicted on numerous drug-related charges. State v. Sanders, 11th Dist. No. 2003-P-0072,2004-Ohio-5629, at ¶ 2 ("Sanders I"). At his arraignment, February 14, 2003, he pleaded not guilty to all *Page 2 
charges. Id. Following motion practice, the supplementing and amendment of the indictment, and the nolling of several counts by the trial court, jury trial went forward between April 8 and April 15, 2003. Id. at ¶ 3-5. During the course of trial, Mr. Sanders entered pleas of no contest to two counts of having weapons under disability, for which the trial court found him guilty. Id. at ¶ 5. At the conclusion of trial, the jury found Mr. Sanders guilty of one count of possession of cocaine, a felony of the first degree; one count of trafficking in cocaine, also a felony of the first degree; one count of trafficking in drugs, a felony of the fourth degree; and seventeen counts of trafficking in cocaine, felonies of the fifth degree. Id. at ¶ 9. Following the sentencing hearing, by a judgment entry dated May 29, 2003, the trial court sentenced Mr. Sanders to concurrent nine year terms of imprisonment for each of the first degree felonies; terms of seven months for each of the fourth and fifth degree felonies, running consecutive to each other and to the nine year terms; and terms of sixth months for both weapons counts, to be served concurrently with each other and the other sentences. Id. at ¶ 10.
 {¶ 3} Mr. Sanders timely appealed, assigning six assignments of error. By a decision announced October 22, 2004, we affirmed the judgment of the trial court in most respects, but reversed and remanded regarding the sentences imposed, due to certain inadequacies in the trial court's findings pursuant to R.C. 2929.14(E)(4) and 2929.12. Sanders I at ¶ 45-48, 64.
 {¶ 4} The trial court held sentencing hearing again January 3, 2005.State v. Sanders, 11th Dist. No. 2005-P-0026, 2006-Ohio-2147, at ¶ 7("Sanders II"). By a judgment entry dated January 6, 2005, the trial court imposed the same sentences as before. Id. Mr. Sanders appealed. Id. By a decision announced April 28, 2006, we *Page 3 
vacated Mr. Sander's sentences, and reversed and remanded for new sentencing, pursuant to the mandate of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Sanders II at ¶ 9-13.
 {¶ 5} On May 30, 2006, the trial court again held a sentencing hearing; and, by a judgment entry dated June 1, 2006, it again imposed the same sentences. Mr. Sanders timely filed his notice of appeal, assigning one error:
 {¶ 6} "[t] he trial court erred by imposing non-minimum, consecutive sentence on Mr. Sanders in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution. * * *."
 {¶ 7} By his assignment of error, Mr. Sanders argues that application of Foster to crimes committed before the announcement of that decision violates due process and ex post facto principles enunciated in the federal constitution. He is particularly concerned with application of the Foster remedy — severance of various parts of the sentencing statutes, and the placing of discretion regarding more-than-minimum, maximum, and consecutive sentences in the hands of the trial courts — to his more-than-minimum and consecutive sentences. He urges this court to declare the remedy prescribed by Foster unconstitutional.
 {¶ 8} In State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, this court dealt with substantially similar arguments concerning more-than-minimum sentences. Id. at ¶ 5, 10-12, 20-22, 30-31. InState v. Willis, 11th Dist. Nos. 2006-L-057 and 2006-L-058,2007-Ohio-583, we applied the reasoning in Elswick to more-than-minimum, maximum, and consecutive sentences. Id. at ¶ 20-22. We further noted this court is *Page 4 
without power to alter the constitutional mandates and statutory constructions made by the Supreme Court of Ohio. Id. at ¶ 18, 25.
 {¶ 9} The assignment of error is without merit.
 {¶ 10} The judgment of the Portage County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., concurs,
 DIANE V. GRENDELL, J., concurs in judgment only. *Page 1