OPINION
{¶ 1} Appellant, Robin B. Mighell, appeals from the September 24, 2003 judgment entry of the Willoughby Municipal Court, in which he was sentenced for driving under suspension ("DUS").
 {¶ 2} On June 13, 2003, a complaint was filed against appellant, charging him with one count of DUS, a misdemeanor of the first degree, in violation of R.C. 4507.02(C). On June 18, 2003, appellant entered a not guilty plea at his initial appearance.
 {¶ 3} On August 5, 2003, appellant filed a motion to suppress evidence. A hearing was held on August 13, 2003. At that hearing, Officer Kevin Mescall ("Officer Mescall"), with the Kirtland Hills Police Department, was the only witness called to testify. Officer Mescall testified for appellee that he was on duty on June 9, 2003, and was stationed in his cruiser at the intersection of Holden Court and King Memorial, located in the Village of Kirtland Hills, about 9:45 a.m. Officer Mescall stated that he was parked facing north, about one hundred to one hundred-fifty yards south of the I-90 bridge overpass on King Memorial. Officer Mescall explained that the area is residential in nature, sparsely populated, wooded along one side of the roadway, and bounded by pine trees and a field on the other. Officer Mescall said that traffic was moderate.
 {¶ 4} Officer Mescall observed two teenage girls about thirteen to fifteen years of age jogging southbound across the bridge. Officer Mescall stated that he saw appellant's van travel southbound also across the bridge. Officer Mescall indicated that appellant's van slowed down, partially pulled off the side of the roadway, and came to a stop approximately thirty yards behind the two girls. Officer Mescall testified that there were no apparent mechanical problems with appellant's van, and that appellant failed to signal or activate the vehicle's emergency lights.
 {¶ 5} According to Officer Mescall, appellant's van remained stopped for about twenty to thirty seconds. Officer Mescall said that this constituted very odd behavior and was a hazard to any other traffic because one to two feet of the van remained on the roadway. Appellant's vehicle pulled slowly back onto the roadway and began to resume the legal speed limit when it approached Officer Mescall's position. Officer Mescall stated that the girls' actions provided no indication that they were aware of the van's presence. In addition to the R.C. 4511.66(A) traffic violation, Officer Mescall effectuated a traffic stop of appellant's van because he was concerned for the safety of the two young girls. At that time, Officer Mescall determined that appellant was the driver of the van and that there was a female passenger. Appellant was eventually arrested for DUS.
 {¶ 6} On cross-examination, Officer Mescall testified that appellant stated that he was lost and was looking for Gravity Hill. Officer Mescall said that he determined that the girls were not in any danger after speaking with appellant and both girls at the station, as well as after checking a computerized criminal history.
 {¶ 7} Pursuant to its August 21, 2003 judgment entry, the trial court denied appellant's motion to suppress. On September 24, 2003, appellant withdrew his not guilty plea and entered a plea of no contest.
 {¶ 8} Pursuant to its September 24, 2003 judgment entry, the trial court determined that appellant was guilty and sentenced him to one hundred eighty days in jail, ninety days suspended. The trial court also placed appellant on probation for one year and ordered him to pay a fine in the amount of $250. Appellant's sentence was stayed pending appeal. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 9} "The trial court violated [appellant's] state and federal constitutional rights to be free from unreasonable search and seizure when it denied his motion to suppress where the stop of [appellant] was made absent any specific and articulable facts indicating the presence of criminal activity."
 {¶ 10} In his sole assignment of error, appellant argues that the trial court violated his rights to be free from unreasonable search and seizure by denying his motion to suppress since the stop was made without any specific and articulable facts indicating the presence of any criminal activity. Appellant alleges that the trial court erred by denying his motion to suppress because the only actions by appellant involved pulling his van to the side of the roadway for twenty to thirty seconds behind two teenage joggers before continuing within the legal speed limit down the road. Appellant stresses that Officer Mescall acted upon a hunch because there was no objective manifestation that he was involved in, or about to be involved in, any criminal activity.
 {¶ 11} This court stated in State v. Jones, 11th Dist. No. 2001-A-0041, 2002-Ohio-6569, at ¶ 16, that:
 {¶ 12} "[a]t a hearing on a motion to suppress, the trial court assumes the role of the trier of facts and, therefore, is in the best position to resolve questions of fact and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366 * * *. When reviewing a motion to suppress, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594
* * *. Accepting these findings of facts as true, a reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the appropriate legal standard. State v. Curry (1994), 95 Ohio App.3d 93, 96 * * *." (Parallel citations omitted.)
 {¶ 13} R.C. 4511.66 provides in part that: "[u]pon any highway outside a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway if it is practicable to stop, park, or so leave such vehicle off the paved or main traveled part of said highway. * * *"
 {¶ 14} In the case at bar, Officer Mescall had probable cause to make the stop due to the R.C. 4511.66 traffic violation. Warren v. Smith, 11th Dist. No. 2002-T-0063, 2003-Ohio-2113, at ¶ 7. Also, Officer Mescall's suspicions with regard to the safety of the two girls justified his brief detention of appellant. State v. Norman (1999), 136 Ohio App.3d 46, 54.
 {¶ 15} In order to determine whether an investigative stop was constitutional, we must ascertain whether the officer had reasonable suspicion, based on articulable facts, that criminal behavior has occurred or is about to occur. Terry v. Ohio (1968), 392 U.S. 1, 30. The propriety of an investigative stop must be viewed in light of the totality of the circumstances as viewed through the eyes of a reasonable and prudent police officer. State v. Andrews (1991), 57 Ohio St.3d 86, 87-88. A reviewing court must give due weight to an officer's experience and training and view the evidence as it would be understood by those in law enforcement. Id. at 88.
 {¶ 16} This court stated in State v. Carter, 11th Dist. No. 2003-P-0007, 2004-Ohio-1181, at ¶ 33, that:
 {¶ 17} "[s]topping a vehicle and detaining its occupants is a seizure within the meaning of the Fourth Amendment. Delaware v. Prouse (1979),440 U.S. 648, 653 * * *, citing United States v. Martinez-Fuerte (1976),428 U.S. 543, 556-558 * * *. `[W]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity.' Dayton v. Erickson, 76 Ohio St.3d 3,11 * * *." (Parallel citations omitted.)
 {¶ 18} Again, Officer Mescall was stationed in a sparsely populated area with moderate traffic. Officer Mescall contemporaneously observed two teenage girls jogging and indicated that appellant's van slowed down, partially pulled off the side of the roadway in an unsafe position, and came to a stop about thirty yards behind the girls. Approximately one to two feet of appellant's van remained on the roadway in violation of R.C. 4511.66. Officer Mescall also stated that appellant failed to signal or activate the van's emergency lights.
 {¶ 19} According to Officer Mescall, appellant's van remained stopped for about twenty to thirty seconds, pulled slowly back onto the roadway, and began to resume the legal speed limit when it approached Officer Mescall's position. Officer Mescall testified that appellant's behavior was very odd and the positioning of his van and slow speed constituted a hazard to any other traffic. Thus, Officer Mescall was also concerned for the safety of the girls, who were unaware of appellant's presence. Therefore, based on Norman, supra, Officer Mescall's concern for the girls provided a basis to further investigate appellant's conduct as it might relate to the girls' well-being in conjunction with the traffic stop. As such, the stop was not pretextual. See Erickson, supra. Thus, based on the totality of the circumstances, Officer Mescall had probable cause to stop appellant's vehicle due to the traffic violation. Officer Mescall's additional safety concern for the girls constituted a basis for the continuation of his investigation in order to determine that no other criminal activity was afoot. See State v. Retherford (1994),93 Ohio App.3d 586, 600. The trial court did not err by overruling appellant's motion to suppress.
 {¶ 20} For the foregoing reasons, appellant's sole assignment of error is not welltaken. The judgment of the Willoughby Municipal Court is affirmed.
Rice, J., O'Toole, J., concur.