OPINION
{¶ 1} Appellant, Daniel K. Simmons, appeals from the July 7, 2004 judgment entry of the Lake County Court of Common Pleas, in which he was sentenced for driving under the influence of alcohol ("DUI").
 {¶ 2} On November 13, 2003, appellant was indicted by the Lake County Grand Jury on one count of DUI, a felony of the third degree, in violation of R.C. 4511.19(A). On November 26, 2003, appellant filed a waiver of his right to be present at the arraignment, and the trial court entered a not guilty plea on his behalf.
 {¶ 3} On December 19, 2003, appellant filed a motion to suppress evidence. Appellee, the state of Ohio, filed a response to appellant's motion to suppress on January 27, 2004. A hearing was held on January 29, 2004.
 {¶ 4} At that hearing, Officer Terrell Stevenson ("Officer Stevenson") with the Willoughby Hills Police Department testified for appellee that on August 10, 2003, at approximately 11:00 p.m., he was driving eastbound on State Route 2 in a marked police cruiser. Officer Stevenson noticed appellant's vehicle, which was directly in front of his cruiser, weave over the white solid line onto the shoulder of the right side of the freeway and back into the right lane on two separate occasions within a quarter of a mile. He indicated that in each instance, both wheels on the right side of appellant's car crossed completely over the white line by several inches. At that time, Officer Stevenson activated his emergency lights and initiated a traffic stop of appellant's vehicle.
 {¶ 5} After approaching appellant's automobile, Officer Stevenson stated that appellant's eyes were bloodshot, his speech was slurred, and he smelled strongly of alcohol. He administered three field sobriety tests, including the Horizontal Gaze Nystagmus, the one-legged stand, and the walk and turn. According to Officer Stevenson, appellant performed poorly on all three tests. He concluded that appellant was impaired and should not be driving. Officer Stevenson then arrested appellant for DUI and transported him to the station.
 {¶ 6} According to appellant, while driving on Route 2, he was aware that a police car was behind him. He testified that he had no memory of driving twice over the white line. Appellant indicated that he had absolutely no knowledge of why Officer Stevenson stopped him.
 {¶ 7} Pursuant to its March 1, 2004 judgment entry, the trial court overruled appellant's motion to suppress.
 {¶ 8} A jury trial was held on May 3, 2004.
 {¶ 9} At the jury trial, Evelyn Porter ("Porter"), a felony adult probation officer with the Lake County Probation Department, testified for appellee that appellant was convicted of DUI in 1999 and was on probation.
 {¶ 10} Officer Stevenson testified for appellee at the jury trial to the same sequence of events as he did at the suppression hearing. In addition, Officer Stevenson said that appellant refused to take a breathalyzer test. Officer Stevenson indicated that initially upon questioning appellant, he denied consuming any alcohol. However, when asked again after the tests were administered, appellant admitted to having a "few." At the station, Officer Stevenson stated that appellant again denied consuming any alcohol that evening.
 {¶ 11} On May 5, 2004, the jury returned a verdict of guilty.
 {¶ 12} Pursuant to its July 7, 2004 judgment entry, the trial court sentenced appellant to serve five years in prison, ordered him to pay a fine of $800, and suspended his driver's license for life. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 13} "[1.] The trial court erred to the prejudice of [appellant] by overruling the motion to suppress evidence[.]
 {¶ 14} "[2.] [Appellant's] sentence of five (5) years in prison violates the jury trial clause of the Sixth Amendment and the corresponding provision of the Ohio Constitution.
 {¶ 15} "[3.] The maximum sentence for one conviction, irrespective of Blakely, is contrary to law.
 {¶ 16} "[4.] The trial court abused its discretion in allowing a witness to testify about [appellant's] prior felony conviction for DUI.
 {¶ 17} "[5.] The verdict is against the manifest weight of the evidence."
 {¶ 18} In his first assignment of error, appellant argues that the trial court erred by overruling his motion to suppress.
 {¶ 19} This court stated in State v. Jones, 11th Dist. No. 2001-A-0041, 2002-Ohio-6569, at ¶ 16, that:
 {¶ 20} "[a]t a hearing on a motion to suppress, the trial court assumes the role of the trier of facts and, therefore, is in the best position to resolve questions of fact and evaluate the credibility of witnesses. State v. Mills (1992),62 Ohio St.3d 357, 366 * * *. When reviewing a motion to suppress, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Guysinger (1993), 86 Ohio App.3d 592, 594 * * *. Accepting these findings of facts as true, a reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the appropriate legal standard. State v. Curry (1994), 95 Ohio App.3d 93, 96
* * *." (Parallel citations omitted.)
 {¶ 21} "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v.United States (1996), 517 U.S. 806, 810.
 {¶ 22} This court stated in State v. Carter, 11th Dist. No. 2003-P-0007, 2004-Ohio-1181, at ¶ 33, that:
 {¶ 23} "[s]topping a vehicle and detaining its occupants is a seizure within the meaning of the Fourth Amendment. Delaware v.Prouse (1979), 440 U.S. 648, 653 * * *, citing United States v.Martinez-Fuerte (1976), 428 U.S. 543, 556-558 * * *. `Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity.' Dayton v.Erickson, 76 Ohio St.3d 3, 11 * * *." (Parallel citations omitted.)
 {¶ 24} R.C. 4511.33(A)(1) provides that: "[w]henever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction * * * [a] vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."
 {¶ 25} In the case at bar, Officer Stevenson had probable cause to make the stop due to the R.C. 4511.33(A)(1) improper lane usage. Kirtland Hills v. Mighell, 11th Dist. No. 2003-L-180, 2005-Ohio-2658, at ¶ 14; Warren v. Smith, 11th Dist. No. 2002-T-0063, 2003-Ohio-2113, at ¶ 7.
 {¶ 26} Officer Stevenson's testimony provided sufficient evidence to support the trial court's determination that he had probable cause to stop the vehicle after observing the traffic violation. Also, the nature of the weaving suggested the possibility of impaired driving which justified the traffic stop. Again, Officer Stevenson noticed appellant's vehicle, which was directly in front of his cruiser, weave over the white solid line onto the shoulder of the right side of the freeway and back into the right lane on two separate occasions within a quarter of a mile. He indicated that in each instance, both wheels on the right side of appellant's car crossed completely over the white line by several inches.
 {¶ 27} Appellant alleges that because he moved his car outside its marked lane in a safe manner, he did not violate R.C.4511.33(A) in its entirety. We are not persuaded by appellant's contention, and do not believe that the statute was intended to allow motorists the option of weaving if done in a safe manner. Officer Stevenson's foregoing testimony demonstrates that appellant committed a traffic violation, even though he contends that he left his lane in a safe manner.
 {¶ 28} We note that there is no indication in the record that there were any adverse conditions present which may have caused appellant to leave his lane of travel on two separate occasions. Appellant committed a readily apparent traffic violation since he left the lane in which he was traveling when it was practicable to stay within his own lane of travel. State v. Hodge,147 Ohio App.3d 550, 2002-Ohio-3053, at ¶ 50. Thus, based on Whren andErickson, supra, Officer Stevenson had probable cause to stop appellant's vehicle due to the traffic violation. The trial court did not err by overruling appellant's motion to suppress. Appellant's first assignment of error is without merit.
 {¶ 29} In his second assignment of error, appellant alleges that his sentence of five years in prison violates the jury trial clause of the Sixth Amendment. In his third assignment of error, appellant maintains that the maximum sentence for one conviction, irrespective of Blakely v. Washington (2004), 542 U.S. 296, is contrary to law.
 {¶ 30} Because appellant's second and third assignments of error are interrelated, we will address them in a consolidated fashion.
 {¶ 31} R.C. 2929.12(D) states that: "[t]he sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 32} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing * * * or under post-release control * * * for an earlier offense * * *.
 {¶ 33} "(2) The offender * * * has a history of criminal convictions.
 {¶ 34} "(3) The offender has not * * * responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 35} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense * * *.
 {¶ 36} "(5) The offender shows no genuine remorse for the offense."
 {¶ 37} In order to sentence a defendant to the maximum term of incarceration, a trial court must make certain findings pursuant to R.C. 2929.14(C). State v. Edmonson (1999),86 Ohio St.3d 324, 328. Specifically, "the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Id. at 329. Those specified criteria include: (1) the offender committed the worst form of the offense; (2) the offender poses the greatest likelihood of committing future crimes; (3) the offender is a major drug dealer; and (4) the offender is a repeat violent offender. R.C. 2929.14(C).
 {¶ 38} The Supreme Court in State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 26, stated that the trial court must make a similar pronouncement at the sentencing hearing regarding the imposition of a nonminimum sentence on a first offender. "Thus, there is a cogent basis to conclude that the same rationale applies to the imposition of a nonminimum sentence involving a defendant who has previously served a prison term. R.C. 2929.14(B)(1)." State v. Ross, 11th Dist. No. 2002-A-0077,2004-Ohio-2304, at ¶ 35. Hence, the trial court must also make the required findings at such defendant's sentencing hearing.
 {¶ 39} Additionally, when the sentencing court wishes to impose the maximum sentence on a defendant, it must give its reasons pursuant to R.C. 2929.19(B)(2)(d). State v. Jones, 11th Dist. No. 2001-L-176, 2003-Ohio-476, at ¶ 15. This court has held that: "[a] sentence which merely recites the language of R.C.2929.14(C) without any consideration of the statutorily relevant factors is insufficient. * * * For meaningful review, the record must contain some indication, by use of specific operative facts, that the sentencing court considered the statutory factors in reaching its determination. * * *." State v. Perry (Mar. 29, 2002), 11th Dist. No. 2000-L-166, 2002 Ohio App. LEXIS 1496, at 6-7, citing State v. Kase (Sept. 25, 1998), 11th Dist. No. 97-A-0083, 1998 Ohio App. LEXIS 4498, at 2.
 {¶ 40} According to Apprendi v. New Jersey (2000),530 U.S. 466, 490, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."
 {¶ 41} "Blakely refined the Apprendi rule when it held that `the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of thefacts reflected in the jury verdict or admitted by thedefendant.' (Emphasis sic.)" State v. Rupert, 11th Dist. No. 2003-L-154, 2005-Ohio-1098, at ¶ 45, quoting Blakely, supra, at 2537.
 {¶ 42} As a general rule, sentences that fall within the statutory range do not violate the constitutional provision regarding excessive punishments. State v. Gladding (1990),66 Ohio App.3d 502, 513, citing McDougle v. Maxwell (1964),1 Ohio St.2d 68, 69. "`When a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.'" State v. Allen, 11th Dist. No. 2004-L-038,2005-Ohio-1415, at ¶ 33, quoting United States v. Booker
(2005), 125 S.Ct. 738, 750.
 {¶ 43} In the case at bar, the trial court stated at the sentencing hearing that:
 {¶ 44} "[t]he [c]ourt has considered the record, oral statements made, the pre-sentence report, drug and alcohol and psychological evaluations, the statement of [appellant] and counsel, as well as the principles and purposes of sentencing under [R.C.] 2929.11, and I've balanced the seriousness and recidivism factors under [R.C.] 2929.12. In that regard, I find no factors making this offense any more or less serious. In terms of recidivism under [R.C. 2929].12(D), I find that there is an extreme history of criminal convictions. * * * Thirteen DUI charges, eight of which are shown to have resulted in convictions[.] * * * Seven disorderly conduct/intoxication, resisting arrest and a dismissed domestic violence. [Appellant] has not responded favorably to previously imposed sanctions in those DUI cases. * * * [Appellant] has an extreme problem and has refused to obtain treatment. He just does not maintain any kind of sobriety no matter what he does. He does poorly on probation. The [c]ourt finds no genuine remorse. * * * [T]he Euclid ECAP program, the jail treatment program, Lake Geauga Center on Alcoholism and Drug Abuse, the NEO Camp program, Alcoholics Anonymous; none of those have sunk in to [appellant] and that is the biggest consideration for this [c]ourt and why the [c]ourt believes that [appellant] poses the greatest likelihood of committing future crimes. He is a chronic alcoholic and a chronic driver. The alcoholism by itself is bad enough but it doesn't endanger society. But he gets behind the wheel every time he drinks. * * * After weighing the seriousness and recidivism factors, the [c]ourt finds that a prison sentence is consistent with the purposes and principles of sentencing set forth in [R.C.] 2929.11, and that [appellant] is not amenable to an available community control sanction. The [c]ourt also finds, pursuant to [R.C.] 2929.14(B), that the shortest prison term will demean the seriousness of [appellant's] conduct and, more importantly, the shortest prison term will not adequately protect the public from future crime by [appellant] or, by example, others. * * * In accordance with [R.C.] 2929.19(B)(2)[d], having considered the factors set forth in [R.C. 2929].12 and [R.C. 2929].13 and for the other reasons stated, I am imposing the maximum sentence under [R.C.] 2929.14(C)."
 {¶ 45} In addition to the foregoing, the trial court made a similar pronouncement in its July 7, 2004 judgment entry.
 {¶ 46} Here, the trial court sentenced appellant to five years imprisonment for one count of DUI. The standard statutory range for this third degree felony offense is one to five years. R.C. 2929.14(A)(3). Thus, the trial court did not sentence appellant beyond the statutory maximum, therefore, his sentence is not unconstitutional under Blakely. See State v. Dinapoli,
11th Dist. No. 2003-L-169, 2005-Ohio-824. The trial court made the requisite findings and provided its reasons for imposing the five-year maximum sentence. The trial court complied with the statutory requirements of R.C. 2929.12, R.C. 2929.13, R.C.2929.14(C), and R.C. 2929.19(B)(2)(d) in sentencing appellant to the maximum sentence. Appellant's second and third assignments of error are without merit.
 {¶ 47} In his fourth assignment of error, appellant contends that the trial court abused its discretion in allowing Porter to testify about his prior felony conviction for DUI.
 {¶ 48} The trial court has broad discretion in the admission and exclusion of evidence. State v. Hymore (1967),9 Ohio St.2d 122, 128. An appellate court shall not disturb evidentiary rulings absent an abuse of discretion. Id. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 49} When a prior conviction elevates the degree of an offense, the prior conviction is an essential element of the offense and must be proved as a matter of fact. State v. Flasck
(Dec. 29, 2000), 11th Dist. No. 99-T-0173, 2000 Ohio App. LEXIS 6229, at 4, citing State v. Allen (1987), 29 Ohio St.3d 53, syllabus; State v. Gordon (1971), 28 Ohio St.2d 45; State v.Rivera (1994), 99 Ohio App.3d 325; State v. Payne (Mar. 31, 1999), 11th Dist. No. 97-L-284, 1999 Ohio App. LEXIS 1433. In a prosecution for felony DUI, under R.C. 4511.19 and R.C. 4511.99, the evidence of an appellant's prior conviction must be presented to the jury during the guilt phase of the trial. Flasck, supra, at 9.
 {¶ 50} Here, appellant was previously convicted of felony DUI in violation of R.C. 4511.19(A) in 1999. Thus, his prior conviction elevated the degree of the offense from a fourth-degree felony to a felony of the third degree. As such, appellant's prior DUI conviction is an essential element of the offense which was properly presented to the jury in the form of Porter's testimony with respect to the previous charge. The trial court's admission of both Porter's testimony and the judgment entry from appellant's prior conviction proved beyond a reasonable doubt the necessary elements the jury needed in order to find him guilty of the elevated third-degree felony DUI charge.
 {¶ 51} Appellant's reliance on Old Chief v. United States
(1997), 519 U.S. 172, is misplaced. In Old Chief, the defendant was charged with being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1). Id. at 174. The defendant did not seek to preclude the jury from determining the prior conviction element of the charged crime. Id. at 175. Instead, the defendant offered to stipulate to the prior conviction so the jury would not be prejudiced by being informed that he had previously been convicted of an unrelated felony drug offense. Id. The Assistant United States Attorney refused to join in the stipulati, arguing that he had a right to prove his case his own way and the trial court agreed. Id. at 177. At trial, the government introduced the judgment of the defendant's prior conviction, and the jury found him guilty. Id.
 {¶ 52} The United States Supreme Court in Old Chief
considered the propriety of allowing evidence of a defendant's prior conviction record for the sole purpose of allowing the prosecution to prove the `prior felony' element of the charged offense, even though the defendant offered to stipulate to a prior felony conviction. The Supreme Court held that because the defendant had offered to stipulate to the prior conviction, "the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available." Id. at 191.
 {¶ 53} Again, at the jury trial, Porter testified for appellee that appellant was convicted of DUI in 1999, and was on probation. Appellee handed Porter exhibit number one, the judgment entry from the 1999 case. Porter stated that appellant was the subject in that judgment entry and was convicted for DUI. Appellant did not object at that time. At the conclusion of appellee's case, which was after Officer Stevenson's testimony, appellant's counsel objected to exhibit number one, referencing a prior motion in limine regarding appellant's prior DUI conviction, which is not in our record. However, the trial court admitted exhibit number one into evidence.
 {¶ 54} Unlike the federal statute in Old Chief, evidence concerning the name and nature of appellant's prior conviction here was necessary in order for the jury to find him guilty of the charged offense. In addition, unlike the appellant in OldChief, appellant in the case sub judice did not offer to stipulate to his prior 1999 DUI conviction. Appellant's fourth assignment of error is without merit.
 {¶ 55} In his fifth assignment of error, appellant argues that the verdict is against the manifest weight of the evidence.
 {¶ 56} As this court stated in State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L0-82, 1994 Ohio App. LEXIS 5862, at 13-15:
 {¶ 57} "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented.
 {¶ 58} "* * *
 {¶ 59} "* * * `[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
 {¶ 60} "`In determining whether the verdict was against the manifest weight of the evidence, "(* * *) the court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)"' (Citations omitted.) * * *" (Emphasis sic.)
 {¶ 61} A judgment of a trial court should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 62} In the instant matter, the evidence clearly shows that appellant was driving his vehicle while under the influence of alcohol. Again, Officer Stevenson testified that he witnessed appellant's car weave over the white solid line by several inches on two separate occasions within a quarter of a mile. Further, Officer Stevenson indicated that when he stopped appellant, his eyes were bloodshot, his speech was slurred, and he smelled strongly of alcohol. According to Officer Stevenson, appellant performed poorly on all three field sobriety tests. Although appellant denied consuming alcohol on the evening at issue, Officer Stevenson stated that after the tests were administered, appellant admitted to having a "few."
 {¶ 63} Based on Officer Stevenson's testimony and the videotape from the police cruiser, it is apparent that appellant exhibited signs of impairment. Thus, pursuant to Schlee andThompkins, supra, the jury did not clearly lose its way in convicting appellant of DUI. Appellant's fifth assignment of error is without merit.
 {¶ 64} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
Rice, J., O'Toole, J., concur.