DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of conviction for operating a motor vehicle while under the influence of alcohol, entered on a no contest plea in the Ottawa County Municipal Court. For the reasons that follow, we affirm.
 {¶ 2} In the early morning hours of April 24, 2005, a patrolling Danbury Township Police Officer observed a westbound vehicle cross the white edge line, then drift onto the double yellow center line of East Bayshore Road. After following the car for some distance, the officer saw it cross the white edge line again.
 {¶ 3} While making these observations, the officer checked the vehicle registration. When advised that the occupants of the vehicle were reported to have been shortly before involved in an altercation with an employee at a service station, and that the occupants may be intoxicated, the officer stopped the vehicle. Appellant, Kathryn L. Duffy, was the driver of the car.
 {¶ 4} On approaching, the officer noted the odor of an alcoholic beverage coming from the vehicle. When asked, appellant admitted that she had consumed a couple of beers. The officer then requested that appellant perform a series of field sobriety tests upon which she performed poorly. After submitting to a breath test, appellant was arrested and charged with operating a motor vehicle with a prohibited blood alcohol content and a marked lane violation.
 {¶ 5} Appellant pled not guilty and moved to suppress on grounds that the officer lacked reasonable, articulable suspicion for a traffic stop. When, following a hearing, the trial court denied the motion, appellant amended her plea to no contest, and was found guilty as charged.
 {¶ 6} From this judgment, appellant now brings this appeal, setting forth the following two assignments of error:
 {¶ 7} I. Whether the arresting officer had sufficient facts to form reasonable, articulable suspicion to stop the appellant's motor vehicle.
 {¶ 8} II. Whether the arresting officer had sufficient facts to further detain the appellant.
 {¶ 9} We shall discuss appellant's assignments of error together.
 {¶ 10} The Fourth Amendment to the United States Constitution and Sec.14, Art. I of the Ohio Constitution prohibit unreasonable seizures of persons or property. Stopping an automobile and detaining its occupant or occupants constitutes a seizure within the meaning of those provisions. Delaware v. Prouse (1979), 440 U.S. 648, 663. Nevertheless, a police officer may perform an investigatory traffic stop if the officer has a reasonable suspicion, based on specific and articulable facts that criminal behavior has occurred or is imminent, Id.; Terry v.Ohio (1968), 392 U.S. 1, or there is probable cause to believe that the driver is violating a traffic or equipment regulation. Prouse at 661.
 {¶ 11} In this matter, even without the information concerning the prior altercation, the officer observed a marked lane violation which provided probable cause to stop appellant's vehicle. Dayton v.Erickson (1996), 76 Ohio St.3d 3, syllabus; State v. Simmons, 11th Dist. No. 2004-L-131, 2005-Ohio-6706, ¶ 23-25. Once the stop was effected, the odor of alcohol from within the car and appellant's admission to consuming alcohol provided reasonable articulable suspicion of impaired driving to warrant further detention for an investigation. Similarly, appellant's poor performance on the field sobriety tests provided probable cause for her arrest. Consequently, the trial court did not err in denying appellant's suppression motion and both of appellant's assignments of error are not well-taken.
 {¶ 12} On consideration, the judgment of the Ottawa County Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J.
Arlene Singer, J.
George M. Glasser, J.
CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.