OPINION
{¶ 1} Appellant, Juan F. Ramirez-Garcia, appeals from the judgment of the Lake County Court of Common Pleas, sentencing him to a maximum prison term of ten years for attempted murder, in violation of R.C. 2923.02. We vacate the sentence, and remand this matter for re-sentencing.
 {¶ 2} On November 23, 2004, appellant was charged by way of information with the attempted murder of Jean Thomas. December 15, 2004, he entered a plea of guilty to a single charge of attempted murder by way of information. The trial court ordered a pre-sentence investigation and report, and a victim impact statement.
 {¶ 3} On January 21, 2005, a sentencing hearing was held. The trial court sentenced appellant to a maximum ten year sentence, upon a finding that he had committed the worst form of the offense, pursuant to R.C. 2929.14(C), and four additional findings, made pursuant to R.C. 2929.19(B)(2).
 {¶ 4} Appellant timely noticed his appeal, making two assignments of error:
 {¶ 5} "[1.] The trial court erred to the prejudice of the defendant-appellant when it imposed the maximum prison sentence based upon its finding that the defendant-appellant had committed the worst form of the offense.
 {¶ 6} "[2.] The trial court erred to the prejudice of the defendant-appellant when it made findings in violation of defendant-appellant's constitutional right to a jury trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution."
 {¶ 7} In sentencing appellant, the trial court relied upon judicial factfinding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's assignments of error are with merit.
 {¶ 8} Appellant's sentence in this case is impacted by the recent decision of the Supreme Court of Ohio in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856. In Foster, the Supreme Court held that R.C. 2929.14 (B) and (C) and2929.19(B)(2) are unconstitutional for violating theSixth Amendment because they deprive a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296.
 {¶ 9} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B) and (C) and 2929.19(B)(2). After severance, judicial factfinding is not required before imposing a sentence within the basic ranges authorized by R.C. 2929.14(A) based on a jury verdict or admission of the defendant. Foster at paragraph two of the syllabus.
 {¶ 10} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 11} The sentence of the Lake County Court of Common Pleas is vacated. This matter is remanded for resentencing and for proceedings consistent with this opinion pursuant to Foster.
Ford, P.J., O'Neill, J., concur.