OPINION
{¶ 1} Appellant, Bryan W. Sides, appeals pro se from the judgment of the Lake County Court of Common Pleas, denying his motion to vacate and void judgment and sentence. We affirm.
 {¶ 2} April 18, 1995, Mr. Sides was indicted for aggravated robbery, with a firearm specification, a first degree felony in violation of R.C. 2911.01, and for theft, a fourth degree felony in violation of R.C. 2913.02. August 24, 1995, Mr. Sides plead guilty to the aggravated robbery charge, and the firearm specification. September 27, 1995, the late Judge James W. Jackson of the Lake County Court of Common Pleas sentenced Mr. Sides to a three year term on the firearm specification, and an indefinite term of eight to twenty-five years for the aggravated robbery, the latter term to be served consecutive to the prior.
 {¶ 3} August 5, 2005, Mr. Sides filed a motion to vacate and void judgment and sentence with judicial notice demanded pursuant to Evid. R. 201. Thereafter he filed motions to dismiss for failure to prosecute and for summary judgment. The state responded to the motion to vacate September 9, 2005. By a judgment entry filed September 19, 2005, the trial court denied all of Mr. Sides' motions. Mr. Sides filed a reply brief and a motion to strike following entry of judgment. October 18, 2005, Mr. Sides timely noticed his appeal, making one assignment of error:
 {¶ 4} "The court erred by denying appellant's motion to vacate and void judgment and sentence with judicial notice demanded pursuant to Rules (sic) of Evidence 201."
 {¶ 5} Mr. Sides presents five issues under this assignment of error. All relate to one point: alleged defects in the processing of the certificate for Judge Jackson's oath of office for the term during which Mr. Sides was sentenced. Mr. Sides asserts these alleged defects invalidated Judge Jackson's standing as a judge, thus rendering Mr. Sides' sentence nugatory.
 {¶ 6} Mr. Sides notes that the certificate for Judge Jackson's oath for the term in question was, evidently, administered, signed and notarized May 28, 1994, but only file-stamped by the Lake County Clerk of Courts December 29, 1994. Mr. Sides then directs our attention to R.C. 2701.06, and a decision of the Ohio Supreme Court mentioning that statute's nineteenth century predecessors, R.S. Sections 555 and 556,State ex rel. Belford v. Hueston (1886), 44 Ohio St. 1. R.C.2701.06 provides:
 {¶ 7} "Each commission issued by the governor to a judge of the court of appeals or a judge of the court of common pleas shall be transmitted by the secretary of state to the clerk of the court of common pleas of the county in which such judge resides. Such clerk shall receive the commission and forthwith transmit it to the person entitled thereto. Within twenty days after he has received such commission, such person shall take the oath required by Section 7 of Article XV, Ohio Constitution and sections 3.22 and 3.23 of the Revised Code and transmit a certificate thereof to such clerk, signed by the officer administering such oath.
 {¶ 8} "If such certificate is not transmitted to the clerk within twenty days, the person entitled to receive such commission is deemed to have refused to accept the office, and such office shall be considered vacant. The clerk shall forthwith certify the fact to the governor who shall fill the vacancy."
 {¶ 9} Mr. Sides deems that the General Assembly's use of the word "shall" renders R.C. 2701.06 a mandatory statute, requiring strict compliance. State ex rel. Botkins v. Laws (1994),69 Ohio St.3d 383, 385, 1994-Ohio-518. In this case, of course, there seems to have been a seven month delay between the time Judge Jackson took his oath and signed the certificate, and the time that certificate was filed by the clerk. Mr. Sides contends that the failure to comply with the time requirements of R.C.2701.06 stripped Judge Jackson of his judicial office.
 {¶ 10} Mr. Sides also cites to the Supreme Court's decision in Belford. In that case, the court was required to interpret a law making the "senior" judge of the Lucas County Court of Common Pleas responsible for appointing the county's assistant prosecutor. Id. at paragraph one of the syllabus. One Lucas County judge claimed seniority due to total length of service, another due to the earlier date of the commission under which he was serving. Id. at paragraph two of the syllabus. The Supreme Court held that the judge with the earlier commission, rather than the one with longest tenure, was the "senior" judge. Id. at paragraph one of the syllabus. The court reasoned that tenure was immaterial, since any judge's powers were dependent upon the validity of the election and commission under which he was presently serving. Id. at 5-11. In dicta, the court supported this reasoning with citation to R.S. Sections 555 and 556, to the effect that failure by a judge whose term was expiring, and who had been reelected, to comply with these predecessors to R.C.2701.06 would invalidate his new commission and render his seat vacant. Id. at 9.
 {¶ 11} Mr. Sides' arguments fail. In Spears v. DeWeese,102 Ohio St.3d 202, 2004-Ohio-2364, the Supreme Court considered an appeal from the Fifth District Court of Appeals, which had denied petitioning inmate a writ of habeas corpus. Appellant had challenged the power of Richland County Court of Common Pleas Judge DeWeese to sentence him for rape, due to an alleged failure by Judge DeWeese to comply with the time requirements of R.C.2701.06. Id. at ¶ 2.
 {¶ 12} In affirming the court of appeals, the Supreme Court first held that failure by a trial judge to comply with the mandates of R.C. 2701.06 was not cognizable in habeas corpus.Spears at ¶ 4. The court went on to hold, "[m]oreover, any noncompliance by Judge DeWeese with R.C. 2701.06 did not invalidate Spears's criminal proceedings." Id. at ¶ 5. The court quoted with approval part of paragraph three of the syllabus from its prior decision in State ex rel. Jones v. Farrar (1946),146 Ohio St. 467: "`"[a]s a general rule, a statute providing a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure"'[.]"
 {¶ 13} This court must enforce the construction given statutes by the Ohio Supreme Court. R.C. 2701.06 is directory, not mandatory. Mr. Sides' assignment of error is without merit.
 {¶ 14} The judgment of the Lake County Court of Common Pleas is affirmed.
Donald R. Ford, P.J., Diane V. Grendell, J., concur.