OPINION
{¶ 1} In this consolidated appeal, Charles E. Willis appeals from the judgments of the Lake County Court of Common Pleas, sentencing him to a total term of sixty months imprisonment for various crimes. We affirm.
 {¶ 2} December 2, 2005, in Case No. 05-CR-000673, the Lake County Grand Jury returned an indictment in five counts against Mr. Willis for crimes allegedly committed September 11, 2005; count one, receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fourth degree; count two, attempted grand theft of a motor vehicle, in violation of R.C. 2923.02, a felony of the fifth degree; count three, theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; count four, receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fifth degree; and count five, possessing criminal tools, in violation of R.C. 2923.24, a felony of the fifth degree. January 13, 2006, in Case No. 05-CR-000857, Mr. Willis was charged by way of information for a crime allegedly committed November 26, 2005; receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fourth degree.
 {¶ 3} February 9, 2006, in Case No. 05-CR-000673, Mr. Willis changed his prior plea of not guilty, to guilty, on counts one, two, and four. By a judgment entry filed February 13, 2006, the trial court nolled the remaining counts. He further pled guilty to the charge of receiving stolen property in Case No. 05-CR-000857.
 {¶ 4} A sentencing hearing was held on each case March 6, 2006. By a judgment entry filed March 13, 2006, in Case No. 05-CR-000673, the trial court sentenced Mr. Willis to eighteen months imprisonment for count one (receiving stolen property); twelve months imprisonment on count two (attempted grand theft of a motor vehicle); and twelve months on count four (receiving stolen property). The terms are consecutive. By a judgment entry filed that same day, the trial court sentenced Mr. Willis to eighteen months imprisonment for receiving stolen property in Case No. 05-CR-000857. This term is consecutive to those in Case No. 05-CR-000673.
 {¶ 5} Each sentence imposed on Mr. Willis is the maximum allowed for the degree of felony involved.
 {¶ 6} April 12, 2006, Mr. Willis timely noticed appeal in each case. April 19, 2006, he moved this court to consolidate the appeals, which motion this court granted by a judgment entry filed May 4, 2006. Mr. Willis makes six assignments of error:
 {¶ 7} "[1.] Defendant-appellant was prejudiced by ineffective assistance of counsel when his trial attorney failed to raiseFoster arguments at sentencing, thus failing to preserve those issues for appeal.
 {¶ 8} "[2.] The trial court erred when it sentenced defendant-appellant to more-than-the-minimum, maximum consecutive prison terms in violation of the due process and ex post facto clauses of the Ohio and United States constitutions.
 {¶ 9} "[3.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, maximum, consecutive prison term in violation of his right to due process.
 {¶ 10} "[4.] The trial court erred when it sentenced defendant-appellant to a more-than-the-minimum, maximum consecutive prison term based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 11} "[5.] The trial court erred when it sentenced defendant-appellant to a more-than-the-minimum, maximum consecutive prison term contrary to the rule of lenity.
 {¶ 12} "[6.] The trial court erred when it sentenced defendant-appellant to a more-than-the-minimum, maximum consecutive prison term contrary to the intent of the Ohio legislators."
 {¶ 13} By his first assignment of error, Mr. Willis alleges that his trial counsel was ineffective, due to failure to raise at his sentencing hearing the implications of Blakely v. Washington (2004), 542 U.S. 296, and its progeny, as applied by the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Foster, in which the court held certain portions of the Ohio sentencing statutes unconstitutional — including those regarding more-than-minimum, maximum, and consecutive sentences — was decided February 27, 2006, eight days prior to Mr. Willis' sentencing hearing. Mr. Willis asserts that trial counsel's failure to object to his sentences on the basis of Foster is "plain error," Crim.R. 52(B), requiring scrutiny and reversal by this court. "Plain error" may be noticed by appellate courts only with caution, under exceptional circumstances, and in order "to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 14} "Both the Ohio Supreme Court and this court have adopted the * * * two-pronged test articulated in Strickland v. Washington (1984),466 U.S. 668, * * * to determine whether an accused has received ineffective assistance of counsel:
 {¶ 15} "'First, a defendant must be able to show that his trial counsel was deficient in some aspect of his representation. (* * *) This requires a showing that trial counsel made errors so serious that, in effect, the attorney was not functioning as the "counsel" guaranteed by both the United States and Ohio Constitutions. (* * *)
 {¶ 16} "'Second, a defendant must show that the deficient performance prejudiced his defense. (* * *) This requires a showing that there is "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." (* * *) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (* * *)' (Citations omitted.) State v. Swick (Dec. 21, 2001), 11th Dist. No. 97-L-254, * * * 2001 Ohio App. LEXIS 5857, at 4-5."State v. Tripi, 11th Dist. Nos. 2005-L-030 and 2005-L-031,2006-Ohio-1687, at ¶ 37-39. (Parallel citations omitted.)
 {¶ 17} In applying the Strickland test, courts must always recall that properly-licensed counsel is presumed competent, and that trial counsel must be afforded deference regarding trial strategy. In re Roque, 11th Dist. No. 2005-T-0138, 2006-Ohio-7007, at ¶ 11.
 {¶ 18} The transcript of the March 6, 2006 sentencing hearing, as well as the trial court's judgment entries of sentence, clearly show that court adhered to the new guidelines promulgated by the Ohio Supreme Court in Foster, and its companion case of State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855. The trial court exercised its discretion in imposing sentences within the statutory range allowed by R.C.2929.14(A), having considered the purposes and principles of sentencing, R.C. 2929.11; and, the seriousness of Mr. Willis' conduct and likelihood of recidivism, R.C. 2929.12. See, e.g., Mathis at ¶ 38. Trial counsel did not object to the trial court's application of the sentencing principles enunciated by the Ohio Supreme Court in Foster andMathis; and, frankly, we are baffled in seeing any consequent deficiency in the conduct of trial counsel, or any prejudice to Mr. Willis' defense, let alone "plain error." As of the time of Mr. Willis' sentencing, Foster and Mathis provided the Ohio Supreme Court's interpretation of the proper, constitutional construction and application of Ohio's sentencing statutes. All inferior Ohio courts are strictly bound by the constitutional mandates and statutory constructions of the Supreme Court. State ex rel. Ohio Academy of TrialLawyers v. Sheward (1999), 86 Ohio St.3d 451, 475 (constitutional mandates); State v. Sides, 11th Dist. No. 2005-L-175, 2006-Ohio-2778, at ¶ 13 (statutory constructions). Failure by trial counsel to object to the considered opinions of Ohio's supreme judicial authority cannot be considered "deficient," as a matter of law.
 {¶ 19} The first assignment of error lacks merit.
 {¶ 20} The remainder of Mr. Willis' assignments of error track those considered in our recent decision of State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 5-9, in which appellant challenged his more-than-minimum sentences. We believe our analysis in Elswick
concerning more-than-minimum sentence challenges under Foster and its progeny is fully applicable to Mr. Willis' challenges to maximum and consecutive sentences.
 {¶ 21} The second and third assignments of error are interrelated; each is premised on alleged violations of ex post facto principles embedded in the principle of due process. By his second assignment of error, Mr. Willis contends the trial court violated the due process and the ex post facto clauses of the Ohio and United States constitutions by sentencing him to more-than-minimum, maximum, and consecutive terms of imprisonment. Mr. Willis contends these sanctions were not available to the trial court at the time he committed his offenses. By his third assignment of error, Mr. Willis contends he had neither actual nor constructive notice that more-than-minimum, maximum, and consecutive sentences might be imposed for his conduct.
 {¶ 22} In Elswick, we determined Foster did not contravene the federal constitutional guarantee of due process, and prohibition against ex post facto laws, since it did not affect a defendant's right to a sentencing hearing; did not alter the statutory range of sentences available to trial courts for any particular degree of crime; and, because the potential for a judicial declaration that certain portions of Ohio's sentencing statutes were unconstitutional was prefigured by the decisions of the United States Supreme Court in Apprendi v. NewJersey (2000), 530 U.S. 466; and, Blakely. Elswick at ¶ 21-25. As applied to this case, Mr. Willis knew that more-than-minimum, maximum, and consecutive sentences could be imposed by the trial court, both under the pre-and post-Foster sentencing schemes; he knew that the statutory scheme was subject to judicial scrutiny; and, there is nothing to indicate his criminal conduct would have differed due to the sentencing change. See, e.g., Elswick at ¶ 25. Consequently,Foster neither implicates Mr. Willis' federal due process rights, nor the federal prohibition against ex post facto laws. Id.
 {¶ 23} In Elswick, relying on the analysis by the court in State v.McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, we determined thatFoster did not violate the Ohio constitutional guarantee of due process, and prohibition against ex post facto laws, since it is not substantively retroactive. Elswick at ¶ 28-30. This is becauseFoster does not impair any vested right, or any accrued substantive right of a criminal defendant, since there is no such right in a presumed sentence. Elswick at ¶ 29.
 {¶ 24} Based on our decision in Elswick, the second and third assignments of error are without merit.
 {¶ 25} By his fourth assignment of error, Mr. Willis alleges that the remedy applied by the Ohio Supreme Court in Foster (severing the constitutionally offensive provisions of the sentencing statutes), violates the doctrine of the separation of powers. Again, our reasoning in Elswick is dispositive. R.C. 1.50 specifically provides for the severance by the Ohio judiciary of constitutionally unsound portions of statutes; and, this same remedy was applied by the United States Supreme Court to the federal sentencing guidelines, in United States v.Booker (2005), 543 U.S. 220. Elswick at ¶ 37-38. Further, we reiterate that we are bound by the constitutional and statutory interpretations made by the Ohio Supreme Court. Sheward at 475; Sides at ¶ 13.
 {¶ 26} The fourth assignment of error is without merit.
 {¶ 27} By his fifth assignment of error, Mr. Willis alleges that the trial court's application of Foster to him, resulting in more-than-minimum, maximum, and consecutive sentences, violates the "rule of lenity." The rule of lenity, codified at R.C. 2901.04(A), provides, in pertinent part: "* * * sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." The rule of lenity applies only to ambiguities in criminal statutes concerning conduct which is clearly proscribed. Elswick at ¶ 42.
 {¶ 28} Like the appellant in Elswick, Mr. Willis was sentenced afterFoster was announced. Elswick at ¶ 43. Consequently, "* * * the trial court was bound to apply the law announced by the Supreme Court of Ohio [in Foster]." Elswick at ¶ 43. In Elswick, we determined that there is nothing ambiguous about R.C. 2929.14(B). Elswick at ¶ 43. Similarly, no ambiguity taints R.C. 2929.14(E)(4) and 2929.41(A), which controlled the application of consecutive sentences. The rule of lenity does not apply.Elswick at ¶ 43.
 {¶ 29} The fifth assignment of error is without merit.
 {¶ 30} By his sixth assignment of error, Mr. Willis alleges that the trial court's application of Foster to his sentencing was contrary to the intent of the legislators of this state in creating Ohio's statutory sentencing structure. Mr. Willis contends that the overriding intent of the General Assembly in enacting that structure was to create uniformity and proportionality in sentencing; while the effect of Foster is to place unfettered discretion in the hands of our trial courts. Cf. Id. at paragraph seven of the syllabus. Mr. Willis further contends thatFoster renders meaningful appellate review of sentences impossible.
 {¶ 31} Elswick contains an extensive discussion of these issues, fully applicable to this case. Id. at ¶ 45-54. All we would add is that this court is without power to review the Ohio Supreme Court's decisions regarding legislative intent. Cf. Sheward at 475.
 {¶ 32} The sixth assignment of error is without merit.
 {¶ 33} The judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur.