OPINION
{¶ 1} Juan F. Ramirez-Garcia appeals from the judgment of the Lake County Court of Common Pleas, sentencing him to a maximum prison term of ten years for attempted murder, in violation of R.C. 2923.02. We affirm.
 {¶ 2} November 23, 2004, Mr. Ramirez-Garcia was charged by way of information with the attempted murder of Jean Thomas. December 15, 2004, he entered a plea of guilty. Sentencing hearing was held in January 2005. By a judgment *Page 2 
entry filed February 2, 2005, the trial court sentenced Mr. Ramirez-Garcia to a maximum ten year sentence, upon findings that the shortest prison term would demean the seriousness of his conduct, pursuant to R.C. 2929.14(B); that he had committed the worst form of the offense, pursuant to R.C. 2929.14(C); and four additional findings, made pursuant to R.C. 2929.19(B)(2).
 {¶ 3} Mr. Ramirez-Garcia timely noticed appeal to this court. By a judgment entry filed May 1, 2006, we vacated the sentence, based on the decision of the Supreme Court of Ohio in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, paragraph one of the syllabus, finding R.C.2929.14(B), 2929.14(C) and 2929.19(B)(2) unconstitutional. See, e.g.,State v. Ramirez-Garcia, 11th Dist. No. 2005-L-040, 2006-Ohio-2155, at ¶ 8-11. We remanded the matter to the trial court for resentencing, pursuant to the mandate of Foster. Id. at ¶ 10-11.
 {¶ 4} June 16, 2006, a new sentencing hearing was held. By a judgment entry filed June 27, 2006, the trial court again sentenced Mr. Ramirez-Garcia to ten years in prison. Mr. Ramirez-Garcia timely noticed this appeal, making five assignments of error:
 {¶ 5} "[1.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and maximum prison term in violation of the due process and ex post facto clauses of the Ohio and United States constitutions.
 {¶ 6} "[2.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and maximum prison term in violation of defendant-appellant's right to due process. *Page 3 
 {¶ 7} "[3.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and maximum prison term based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 8} "[4.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and maximum prison term contrary to the Rule of Lenity.
 {¶ 9} "[5.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and maximum prison term contrary to the intent of the Ohio legislators."
 {¶ 10} Mr. Ramirez-Garcia's assignments of error track those considered in our recent decision of State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 5-9, in which appellant challenged his more-than-minimum sentences. We believe our analysis in Elswick
concerning more-than-minimum sentence challenges under Foster and its progeny is fully applicable to Mr. Ramirez-Garcia's challenges to maximum sentences.
 {¶ 11} The first and second assignments of error are interrelated: each is premised on alleged violations of ex post facto principles embedded in the principle of due process. By the first assignment of error, Mr. Ramirez-Garcia contends the trial court violated due process and the ex post facto clauses of the Ohio and United States constitutions by sentencing him to a more-than-minimum, maximum term of imprisonment. Mr. Ramirez-Garcia contends these sanctions were not available to the trial court at the time he committed his offenses. By the second assignment of error, Mr. Ramirez-Garcia contends he had neither actual nor constructive notice that a more-than-minimum, *Page 4 
maximum sentence might be imposed for his conduct. He further argues that the trial court could not constitutionally impose a more-than-minimum, maximum sentence without additional factual findings by a jury, or based on his admission.
 {¶ 12} In Elswick, we determined Foster did not contravene the federal constitutional guarantee of due process, and prohibition against ex post facto laws, since it did not affect a defendant's right to a sentencing hearing; did not alter the statutory range of sentences available to trial courts for any particular degree of crime; and, because the potential for a judicial declaration that certain portions of Ohio's sentencing statutes were unconstitutional was prefigured by the decisions of the United States Supreme Court in Apprendi v. NewJersey (2000), 530 U.S. 466; and, Blakely v. Washington (2004),542 U.S. 296. Elswick at ¶ 21-25. As applied to this case, Mr. Ramirez-Garcia knew that a more-than-minimum, maximum sentence could be imposed by the trial court, both under the pre-and post-Foster sentencing schemes; he knew that the statutory scheme was subject to judicial scrutiny; and, there is nothing to indicate his criminal conduct would have differed due to the sentencing change. See, e.g., Elswick at ¶ 25. Consequently,Foster neither implicates Mr. Ramirez-Garcia's federal due process rights, nor the federal prohibition against ex post facto laws. Id.
 {¶ 13} In Elswick, relying on the analysis by the court in State v.McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, we determined thatFoster did not violate the Ohio constitutional guarantee of due process, and prohibition against ex post facto laws, since it is not substantively retroactive. Elswick at ¶ 28-30. This is becauseFoster does *Page 5 
not impair any vested right, or any accrued substantive right of a criminal defendant, since there is no such right in a presumed sentence.Elswick at ¶ 29.
 {¶ 14} Finally, we note that the argument that more-than-minimum or maximum sentences may only be imposed based on additional jury findings or admission of the defendant is meaningless in the post-Foster
landscape. Foster specifically grants trial courts discretion to sentence within the statutory range. Id., at paragraph seven of the syllabus. By way of illustration, in this case, Mr. Ramirez-Garcia pled guilty to attempted murder, a felony of the first degree. UnderFoster, this was a sufficient admission by the defendant to allow the trial court to sentence him to any period of imprisonment within the appropriate statutory range.
 {¶ 15} Based on our decision in Elswick, the first and second assignments of error are without merit.
 {¶ 16} By his third assignment of error, Mr. Ramirez-Garcia alleges that the remedy applied by the Ohio Supreme Court in Foster, of severing the constitutionally offensive provisions of the sentencing statutes, violates the doctrine of the separation of powers. Again, our reasoning in Elswick is dispositive: R.C. 1.50 specifically provides for the severance by the Ohio judiciary of constitutionally unsound portions of statutes; and, this same remedy was applied by the United States Supreme Court to the federal sentencing guidelines, in United States v.Booker (2005), 543 U.S. 220. Elswick at ¶ 37-38. Further, we note that the inferior tribunals of this state are strictly bound by the constitutional mandates and statutory constructions made by the Ohio Supreme Court. State ex rel. Ohio Academy of Trial Lawyers v.Sheward (1999), 86 Ohio St.3d 451, 475 (constitutional mandates);State v. Sides, 11th Dist. No. 2005-L-175, 2006-Ohio-2778, *Page 6 
at ¶ 13 (statutory constructions). Neither the trial court, nor this court, can alter the remedies prescribed by the Supreme Court in curing a constitutionally-infirm statute.
 {¶ 17} The third assignment of error is without merit.
 {¶ 18} By his fourth assignment of error, Mr. Ramirez-Garcia alleges that the trial court's application of Foster to him, resulting in a more-than-minimum, maximum sentence, violates the "rule of lenity." The rule of lenity, codified at R.C. 2901.04(A), provides, in pertinent part: "* * * sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." The rule of lenity applies only to ambiguities in criminal statutes concerning conduct which is clearly proscribed.Elswick at ¶ 42.
 {¶ 19} Mr. Ramirez-Garcia was resentenced by the trial court following the announcement of Foster, under specific instruction from this court to apply that decision to the resentencing. Consequently, "* * * the trial court was bound to apply the law announced by the Supreme Court of Ohio [in Foster]." Elswick at ¶ 43. In Elswick, we determined that there is nothing ambiguous about R.C. 2929.14(B). Elswick at ¶ 43. Similarly, there is nothing ambiguous about R.C. 2929.14(C) and 2929.19(B)(2). The rule of lenity does not apply. Id.
 {¶ 20} The fourth assignment of error is without merit.
 {¶ 21} By his fifth assignment of error, Mr. Ramirez-Garcia alleges that the trial court's application of Foster to his sentencing was contrary to the intent of the legislators of this state in creating Ohio's statutory sentencing structure. He contends that the overriding intent of the General Assembly in enacting that structure was to create uniformity and proportionality in sentencing; while the effect ofFoster is to place *Page 7 
unfettered discretion in the hands of our trial courts. Cf. Id., at paragraph seven of the syllabus. Mr. Ramirez-Garcia further contends that Foster renders meaningful appellate review of sentences impossible.
 {¶ 22} Elswick contains an extensive discussion of these issues, fully applicable to this case. Id. at ¶ 45-54. All we would add is that this court is without power to review the Ohio Supreme Court's decisions regarding legislative intent. Cf. Sheward at 475; Sides at ¶ 13.
 {¶ 23} The fifth assignment of error is without merit.
 {¶ 24} The judgment of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, J., concurs,
 DIANE V. GRENDELL, J., concurs in judgment only. *Page 1