OPINION
{¶ 1} Thomas J. Johnson appeals from the judgment of the Lake County Court of Common Pleas, sentencing him to three years imprisonment. We affirm.
 {¶ 2} March 31, 2006, Mr. Johnson was charged by way of information with unlawful sexual conduct with a minor, a felony of the third degree, in violation of R.C. 2907.04(A). The charge stemmed from a consensual encounter he had with a fourteen *Page 2 
year old girl on or about October 3, 2005. April 13, 2006, Mr. Johnson entered a written plea of guilty. May 15, 2006, the trial court held a combined sexual offender classification and sentencing hearing. By a judgment entry filed May 19, 2006, the trial court found Mr. Johnson to be a habitual sexual offender[1] and sentenced him to three years imprisonment on the unlawful conduct charge. Mr. Johnson timely appealed, assigning five errors:
 {¶ 3} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of the Due Process and Ex Post Facto clauses of the Ohio and United States Constitutions.
 {¶ 4} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms in violation of defendant-appellant's right to due process.
 {¶ 5} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers.
 {¶ 6} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the Rule of Lenity.
 {¶ 7} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison terms contrary to the intent of the Ohio legislators."
 {¶ 8} Mr. Johnson's assignments of error track those considered in our recent decision of State v. Elswick, 11th Dist. No. 2006-L-075,2006-Ohio-7011, at ¶ 5-9, in *Page 3 
which appellant challenged his more-than-minimum sentences. We believe our analysis in Elswick concerning more-than-minimum sentence challenges under State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and its progeny is fully applicable herein.
 {¶ 9} The first and second assignments of error are interrelated: each is premised on alleged violations of ex post facto principles embedded in the principle of due process. By the first assignment of error, Mr. Johnson contends the trial court violated Due Process and the Ex Post Facto Clauses of the Ohio and United States Constitutions by sentencing him to more-than-minimum terms of imprisonment. Mr. Johnson contends these sanctions were not available to the trial court at the time he committed his offenses. By the second assignment of error, Mr. Johnson contends he had neither actual nor constructive notice that a more-than-minimum sentence might be imposed for his conduct. He further argues that the trial court could not constitutionally impose more-than-minimum sentences without additional factual findings by a jury, or based on his admission.
 {¶ 10} In Elswick, we determined Foster did not contravene the federal constitutional guarantee of due process, and prohibition against ex post facto laws, since it did not affect a defendant's right to a sentencing hearing; did not alter the statutory range of sentences available to trial courts for any particular degree of crime; and, because the potential for a judicial declaration that certain portions of Ohio's sentencing statutes were unconstitutional was prefigured by the decisions of the United States Supreme Court in Apprendi v. NewJersey (2000), 530 U.S. 466; and Blakely v. Washington (2004),542 U.S. 296. Elswick at ¶ 21-25. As applied to this case, Mr. Johnson knew that more-than-minimum sentences could be imposed by the trial court, *Page 4 
both under the pre-and post-Foster sentencing schemes; he knew that the statutory scheme was subject to judicial scrutiny; and, there is nothing to indicate his criminal conduct would have been affected by the sentencing change. See, e.g., Elswick at ¶ 25. Consequently,Foster neither implicates Mr. Johnson's federal due process rights, nor the federal prohibition against ex post facto laws. Id.
 {¶ 11} In Elswick, relying on the analysis by the court in State v.McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, we determined thatFoster did not violate the Ohio constitutional guarantee of due process, and prohibition against ex post facto laws, since it is not substantively retroactive. Elswick at ¶ 28-30. This is becauseFoster does not impair any vested right, or any accrued substantive right of a criminal defendant, since there is no such right in a presumed sentence. Elswick at ¶ 29.
 {¶ 12} Finally, we note that the argument that more-than-minimum sentences may only be imposed based on additional jury findings or admission of the defendant is meaningless in the post-Foster landscape.Foster specifically grants trial courts discretion to sentence within the applicable statutory range. Id., at paragraph seven of the syllabus. By way of illustration, in this case, Mr. Johnson pled to unlawful sexual conduct with a minor, a third degree felony. UnderFoster, these were sufficient admissions by the defendant to allow the trial court to sentence him to any period authorized by statute for an offense of this degree.
 {¶ 13} Based on our decision in Elswick, the first and second assignments of error are without merit.
 {¶ 14} By his third assignment of error, Mr. Johnson alleges that the remedy applied by the Ohio Supreme Court in Foster, of severing the constitutionally offensive *Page 5 
provisions of the sentencing statutes, violates the doctrine of the separation of powers. Again, our reasoning in Elswick is dispositive: R.C. 1.50 specifically provides for the severance by the Ohio judiciary of constitutionally infirm portions of statutes; and, this same remedy was applied by the United States Supreme Court to the federal sentencing guidelines, in United States v. Booker (2005), 543 U.S. 220.Elswick at ¶ 37-38. Further, we note that the inferior tribunals of this state are strictly bound by the constitutional mandates and statutory constructions made by the Ohio Supreme Court. State ex rel. Ohio Academyof Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, 475
(constitutional mandates); State v. Sides, 11th Dist. No. 2005-L-175,2006-Ohio-2778, at ¶ 13 (statutory constructions). Neither the trial court, nor this court, can alter the remedies prescribed by the Supreme Court in curing a constitutionally infirm statute.
 {¶ 15} The third assignment of error is without merit.
 {¶ 16} By his fourth assignment of error, Mr. Johnson alleges that the trial court's application of Foster to him, resulting in more-than-minimum sentences, violates the "rule of lenity." The rule of lenity, codified at R.C. 2901.04(A), provides, in pertinent part: "* * * sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." The rule of lenity applies only to ambiguities in criminal statutes concerning conduct which is clearly proscribed.Elswick at ¶ 42.
 {¶ 17} Mr. Johnson was sentenced by the trial court following the announcement of Foster. Consequently, "* * * the trial court was bound to apply the law announced by the Supreme Court of Ohio [in Foster]."Elswick at ¶ 43. In Elswick, we determined that *Page 6 
there is nothing ambiguous about R.C. 2929.14(B). Elswick at ¶ 43. The rule of lenity does not apply. Id.
 {¶ 18} The fourth assignment of error is without merit.
 {¶ 19} By his fifth assignment of error, Mr. Johnson alleges that the trial court's application of Foster to his sentencing was contrary to the intent of the legislators of this state in creating Ohio's statutory sentencing structure. He contends that the overriding intent of the General Assembly in enacting that structure was to create uniformity and proportionality in sentencing; while the effect of Foster is to place unfettered discretion in the hands of our trial courts. Cf. Id., at paragraph seven of the syllabus. Mr. Johnson further contends thatFoster renders meaningful appellate review of sentences impossible.
 {¶ 20} Elswick contains an extensive discussion of these issues, fully applicable to this case. Id. at ¶ 45-54. All we would add is that this court is without power to review the Ohio Supreme Court's decisions regarding legislative intent. Cf. Sheward at 475; Sides at ¶ 13.
 {¶ 21} The fifth assignment of error is without merit.
 {¶ 22} The assignments of error being without merit, the judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur.
[1] Mr. Johnson had previously been sentenced for sexual battery. He is not appealing his sexual offender classification. *Page 1