OPINION
{¶ 1} Appellant, Daniel K. Simmons, appeals from the June 9, 2006 judgment entries of the Lake County Court of Common Pleas, in which he was resentenced in Case No. 03 CR 000523 for driving under the influence of alcohol ("DUI"), and in Case No. 04 CR 000149 for abduction, kidnapping, and driving without a valid license. *Page 2 
 {¶ 2} With respect to Case No. 03 CR 000523, appellant was indicted on November 13, 2003, by the Lake County Grand Jury on one count of DUI, a felony of the third degree, in violation of R.C. 4511.19(A). On November 26, 2003, appellant filed a waiver of his right to be present at the arraignment, and the trial court entered a not guilty plea on his behalf.
 {¶ 3} On December 19, 2003, appellant filed a motion to suppress evidence. Appellee, the state of Ohio, filed a response on January 27, 2004. A hearing was held on January 29, 2004. Pursuant to its March 1, 2004 judgment entry, the trial court overruled appellant's motion to suppress.
 {¶ 4} A jury trial was held on May 3, 2004. On May 5, 2004, the jury returned a verdict of guilty. Pursuant to its July 7, 2004 judgment entry, regarding Case No. 03 CR 000523, the trial court sentenced appellant to serve five years in prison, ordered him to pay a fine of $800, and suspended his driver's license for life. It is from that judgment that appellant filed a timely notice of appeal with this court, Case No. 2004-L-131, in which he asserted the following five assignments of error:
 {¶ 5} "[1.] The trial court erred to the prejudice of [appellant] by overruling the motion to suppress evidence[.]
 {¶ 6} "[2.] [Appellant's] sentence of five (5) years in prison violates the jury trial clause of the Sixth Amendment and the corresponding provision of the Ohio Constitution.
 {¶ 7} "[3.] The maximum sentence for one conviction, irrespective ofBlakely, is contrary to law. *Page 3 
 {¶ 8} "[4.] The trial court abused its discretion in allowing a witness to testify about [appellant's] prior felony conviction for DUI.
 {¶ 9} "[5.] The verdict is against the manifest weight of the evidence."
 {¶ 10} On December 16, 2005, this court affirmed the judgment of the trial court. State v. Simmons, 11th Dist. No. 2004-L-131,2005-Ohio-6706.
 {¶ 11} With regard to Case No. 04 CR 000149, appellant was indicted on May 18, 2004, by the Lake County Grand Jury on four counts: count one, DUI, a felony of the third degree, in violation of R.C. 2929.13(G)(2); count two, abduction, a felony of the third degree, in violation of R.C.2905.02(A)(2); count three, kidnapping, a felony of the first degree, in violation of R.C. 2905.01(A)(3); and count four, driving without a valid license, a misdemeanor of the first degree, in violation of R.C.4507.02(A)(1). On June 10, 2004, appellant filed a waiver of his right to be present at the arraignment, and the trial court entered a not guilty plea on his behalf.
 {¶ 12} On June 21, 2004, appellant filed a motion for self-representation. A hearing was held on July 1, 2004. The trial court granted appellant's motion and appointed an assistant public defender to serve as standby counsel.
 {¶ 13} A jury trial commenced on August 9, 2004. At the close of appellee's case, appellant moved for an acquittal pursuant to Crim.R. 29, which was overruled by the trial court. On August 11, 2004, the jury returned a verdict of not guilty on count one, DUI. The jury found appellant guilty of count two, abduction; count three, kidnapping; and count four, driving without a valid license.
 {¶ 14} Pursuant to its August 19, 2004 judgment entry, with respect to Case No. 04 CR 000149, the trial court sentenced appellant to serve four years in prison on count *Page 4 
two; eight years on count three; and six months on count four. The trial court ordered the sentences to be served concurrent with each other, but consecutive to the previous sentence imposed in Case No. 03 CR 000523. The trial court suspended appellant's driver's license for one year, which is to commence on May 7, 2017. In addition, the trial court notified appellant that post-release control was mandatory up to a maximum of five years. It is from that judgment that appellant filed a timely notice of appeal with this court, Case No. 2004-L-154, in which he made the following five assignments of error:
 {¶ 15} "[1.] The trial court violated [appellant's] constitutional right to due process as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution and Sections 5 and 10, Article I of the Ohio Constitution when the trial judge demonstrated unreasonable judicial bias.
 {¶ 16} "[2.] The trial court violated [appellant's] constitutional right of self-representation as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution and Section 10, Article I
of the Ohio Constitution.
 {¶ 17} "[3.] The trial court erred to the prejudice of [appellant] in denying his motion for acquittal made pursuant to Crim.R. 29(A).
 {¶ 18} "[4.] The trial court erred to the prejudice of [appellant] when it returned a verdict of guilty against the manifest weight of the evidence.
 {¶ 19} "[5.] The trial court erred when it sentenced [appellant] to consecutive sentences based upon a finding of factors not found by the jury or admitted by [appellant] in violation of [appellant's] state and federal constitutional rights to trial by jury." *Page 5 
 {¶ 20} On December 23, 2005, this court affirmed the judgment of the trial court. State v. Simmons, 11th Dist. No. 2004-L-154,2005-Ohio-6896.
 {¶ 21} Appellant appealed our decisions to the Supreme Court of Ohio. Upon the consideration of the jurisdictional memoranda filed, the Supreme Court accepted appellant's appeals. The Supreme Court reversed our judgments and remanded the cases to the trial court for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 22} Pursuant to the Supreme Court's remand, on June 6, 2006, a resentencing hearing was held on both of appellant's cases.
 {¶ 23} With respect to Case No. 03 CR 000523, the trial court indicated in its June 9, 2006 judgment entry that appellant was previously found guilty of DUI, a felony of the third degree, in violation of R.C. 4511.19(A). The trial court sentenced appellant to serve five years in prison, ordered him to pay a fine of $800, and suspended his driver's license for life.
 {¶ 24} With regard to Case No. 04 CR 000149, the trial court stated in its June 9, 2006 judgment entry that appellant was previously found guilty of count two, abduction, a felony of the third degree, in violation of R.C. 2905.02(A)(2); count three, kidnapping, a felony of the first degree, in violation of R.C. 2905.01(A)(3); and count four, driving without a valid license, a misdemeanor of the first degree, in violation of R.C. 4507.02(A)(1). The trial court sentenced appellant to serve four years in prison on count two; eight years on count three; and six months on count four. The trial court ordered the sentences to be served concurrent with each other, but consecutive to the previous sentence imposed in Case No. 03 CR 000523. The trial court suspended *Page 6 
appellant's driver's license for one year, which is to commence on May 7, 2017. In addition, the trial court notified appellant that post-release control was mandatory up to a maximum of five years.
 {¶ 25} It is from the foregoing June 9, 2006 judgment entries that appellant filed timely notices of appeal, and makes the following five assignments of error:[1]
 {¶ 26} "[1.] The trial court erred when it sentenced [appellant] to more-than-the-minimum and consecutive prison terms in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
 {¶ 27} "[2.] The trial court erred when it sentenced [appellant] to more-than-the-minimum and consecutive prison terms in violation of [appellant's] right to due process.
 {¶ 28} "[3.] The trial court erred when it sentenced [appellant] to more-than-the-minimum and consecutive prison terms based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers.
 {¶ 29} "[4.] The trial court erred when it sentenced [appellant] to more-than-the-minimum and consecutive prison terms contrary to the rule of lenity.
 {¶ 30} "[5.] The trial court erred when it sentenced [appellant] to more-than-the-minimum and consecutive prison terms contrary to the intent of the Ohio legislators."
 {¶ 31} Initially, we note that the issues contained in appellant's assignments of error have recently been addressed by this court inState v. Elswick, 11th Dist. No. *Page 7 
2006-L-075, 2006-Ohio-7011.[2]
 {¶ 32} In his first assignment of error, appellant argues that the trial court erred by sentencing him to more than the minimum and consecutive prison terms in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions. He alleges that the sentences imposed were not available to the trial court at the time the offenses were committed.
 {¶ 33} In his second assignment of error, appellant contends that the trial court erred by sentencing him to more than the minimum and consecutive prison terms in violation of his right to due process. He asserts two issues. In his first issue, appellant maintains that the trial court erred by sentencing him to more than the minimum and consecutive prison terms when no additional factual findings were made by the jury. In his second issue, he alleges that he had neither actual nor constructive notice that the sentences were possible punishments for the offenses.
 {¶ 34} Appellant's first and second assignments of error are interrelated since they both are premised on alleged violations of ex post facto principles embedded in the notion of due process. Thus, we will address them in a consolidated fashion.
 {¶ 35} Having been issues of first impression in Elswick, we concluded that Foster did not violate the due process and ex post facto clauses of the Ohio and United States Constitutions, because defendants face the same potential sentence as they did before Foster. See Elswick, supra, at ¶ 16-30 (for a complete and thorough analysis). See, also, State v.Smith, 2d Dist. No. 21004, 2006-Ohio-4405; State v. Newman, 9th *Page 8 
Dist. No. 23038, 2006-Ohio-4082; and State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162.
 {¶ 36} Prior to Foster, individuals who decided to commit crimes were aware of what the potential sentences could be for the offenses committed. R.C. 2929.14(A). Here, appellant was found guilty of DUI, a felony of the third degree, in violation of R.C. 4511.19(A); abduction, a felony of the third degree, in violation of R.C. 2905.02(A)(2); kidnapping, a felony of the first degree, in violation of R.C.2905.01(A)(3); and driving without a license, a misdemeanor of the first degree, in violation of R.C. 4507.02(A)(1).[3] Appellant was indicted on the foregoing counts, which alleged that he committed the DUI offense on or about August 10, 2003, and abduction, kidnapping, and driving without a valid license on or about February 19, 2004. Thus, appellant's offenses were committed before Foster, but after Apprendi v. NewJersey (2000), 530 U.S. 466.
 {¶ 37} The range of sentences available for first and third degree felonies remains unchanged post-Foster. R.C. 2929.14(A) provided fair warning to appellant that he could receive anywhere from three to ten years for his first degree felony offense, and one to five years for his third degree felony offenses. He was originally sentenced on July 7, 2004, and August 19, 2004, prior to Foster. However, pursuant to the Supreme Court's remand, appellant was resentenced on June 6, 2006, according to Foster.
 {¶ 38} Foster does not violate Section 28, Article II of the Ohio Constitution, or Article I, Section 10 of the United States Constitution.
 {¶ 39} Appellant's first and second assignments of error are without merit. *Page 9 
 {¶ 40} In his third assignment of error, appellant maintains that the trial court erred by sentencing him to more than the minimum and consecutive prison terms based on the Supreme Court of Ohio's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 41} In Elswick, supra, at ¶ 37-38, we stated:
 {¶ 42} "R.C. 1.50 deals with severability of code section provisions and provides: `[i]f any provisions of a section of the Revised Code or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the section or related sections which can be given effect without the invalid provision or application, and to this end the provisions are severable.'
 {¶ 43} "In the case sub judice, we do not agree with appellant that the Supreme Court of Ohio violated the separation of powers doctrine. We note that severance is a specific remedy that the judicial branch may use when interpreting a statute's constitutionality. Pursuant to R.C.1.50, if a statute is determined to be unconstitutional, the judicial branch is vested with the power to sever the provision found to be invalid. The Supreme Court in Foster did not exceed its power by severing the statutes it found incompatible with the Ohio and United States Constitution. Rather, it employed the same remedy used by the United States Supreme Court in Booker, supra, in order to bring Ohio's sentencing scheme in line with constitutional mandates."
 {¶ 44} Further, we note that the inferior tribunals of this state are strictly bound by the constitutional mandates and statutory constructions made by the Supreme Court of Ohio. State ex rel. OhioAcademy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, 475, (constitutional mandates); State v. Sides, 11th Dist. No. 2005-L-175,2006-Ohio-2778, *Page 10 
at ¶ 13 (statutory constructions). Neither the trial court, nor this court, can alter the remedies prescribed by the Supreme Court in curing a constitutionally-infirm statute.
 {¶ 45} Appellant's third assignment of error is without merit.
 {¶ 46} In his fourth assignment of error, appellant argues that the trial court erred by sentencing him to more than the minimum and consecutive prison terms contrary to the rule of lenity. He alleges that the rule of lenity dictated a lesser penalty.
 {¶ 47} R.C. 2901.04(A) states: "* * * sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."
 {¶ 48} "The "rule of lenity" is a principle of statutory construction which states that a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant where the intended scope of the statute is ambiguous.' State v. Brown (May 2, 1997), 2d Dist. No. 96 CA 92, 1997 Ohio App. LEXIS 1747, at 10, citing Moskal v.United States (1990), 498 U.S. 103, 107-108 * * *. The rule of lenity `provides that ambiguity in criminal statutes is construed strictly so as to only apply to conduct that is clearly prescribed.' State v. Goist, 11th Dist. No. 2002-T-0136, 2003-Ohio-3549, at ¶ 23, citing United States v.Lanier (1997), 520 U.S. 259, 266 * * *." Elswick, supra, at ¶ 42. (Parallel citations omitted.)
 {¶ 49} In the instant case, appellant was resentenced afterFoster, and, thus, the trial court was bound to apply the law announced by the Supreme Court of Ohio. Because R.C. 2929.14(B) and (E)(4) are not ambiguous, the rule of lenity does not apply. See Goist, supra, at ¶ 23, citing United States v. Johnson (2000), 529 U.S. 53, 59 *Page 11 
(holding "`[a]bsent ambiguity, the rule of lenity is not applicable to guide statutory interpretation.'")
 {¶ 50} Appellant's fourth assignment of error is without merit.
 {¶ 51} In his fifth assignment of error, appellant contends that the trial court erred when it sentenced him to more than the minimum and consecutive prison terms contrary to the intent of the Ohio legislators.
 {¶ 52} Elswick contains an extensive discussion of the foregoing issue, fully applicable to this matter. Id. at ¶ 45-54. All we would add here is that this court is without power to review the Ohio Supreme Court's decisions regarding legislative intent. Sheward, supra, at 475;Sides, supra, at ¶ 13.
 {¶ 53} Appellant's fifth assignment of error is without merit.
 {¶ 54} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed. CYNTHIA WESTCOTT RICE, P.J., concurs, DIANE V. GRENDELL, J., concurs in judgment only.
[1] Appellant filed a motion to consolidate, which this court granted on September 14, 2006. Pursuant to our judgment entry, we indicated that Case Nos. 2006-L-132 and 2006-L-133 would be consolidated for purposes of briefing, oral argument, and disposition.
[2] In Elswick, the appeal dealt with more than the minimum sentences. Here, appellant is contesting both more than the minimum and consecutive sentences. However, the same analysis applies.
[3] We note that Foster only dealt with felony sentencing. *Page 1